# SUMMONS - CIVIL

JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**See other side for instructions**

## STATE OF CONNECTICUT
## SUPERIOR COURT
www.jud.ct.gov

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☐ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☒ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* | | |
|---|---|---|---|---|
| **123 Hoyt Street, Stamford, CT 06905** | **( 203 )965-5308** | **January** Month | **31** Day | **2 017** Year |

| ☒ Judicial District  ☐ Housing Session | ☐ G.A. Number: | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) **Stamford** | Case type code *(See list on page 2)* Major: **V**   Minor: **01** |
|---|---|---|---|

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| | |

| Telephone number *(with area code)* ( ) | Signature of Plaintiff *(If self-represented)* |
|---|---|

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☐ Yes ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)* |
|---|---|

| Number of Plaintiffs: **1** | Number of Defendants: **1** | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| **First Plaintiff** | Name: **APPOTIONMENT PLAINTIFF - PHILIP LAWRENCE** Address: **22 EAST WALNUT STREET, APT. 6, STAMFORD, CT 06902** | P-01 |
| **Additional Plaintiff** | Name: Address: | P-02 |
| **First Defendant** | Name: **APPORTIONMENT DEFENDANT - CHANTALE LUXAMA** Address: **16 SEVERENCE DRIVE, STAMFORD, CT 06902** | D-01 |
| **Additional Defendant** | Name: Address: | D-02 |
| **Additional Defendant** | Name: Address: | D-03 |
| **Additional Defendant** | Name: Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left **MICHELE OLSEN** | Date signed **12/20/2016** |
|---|---|---|---|

| If this Summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. | File Date | |
| b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. | | |
| c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. | | |
| d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | | |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number **CV16-6029950** |
|---|---|---|---|

(Page 1 of 2)

DOCKET NO: FST-CV16-6029950-S     :    **SUPERIOR COURT**

MELISSA J. SYMEON           :    **J.D. OF STAMFORD/NORWALK**

V.                                :    **AT STAMFORD**

TIM HARRINGTON, ET AL.       :    **DECEMBER 20, 2016**

## APPORTIONMENT COMPLAINT

1.      This is an apportionment complaint filed pursuant to Connecticut General Statutes Section 52-102b.

2.      By Writ, Summons and Complaint made returnable to this court on October 18, 2016, the Plaintiff, MELISSA SYMEON, commenced the original action against Defendant, PHILIP L. LAWRENCE and others, claiming personal injuries, losses and damages as a result of an alleged motor vehicle accident that occurred on 12/11/2015, (See Plaintiff's original Complaint attached hereto as Exhibit A).

3.      The injuries and damages sustained by the Plaintiff were proximately caused by the carelessness and negligence of Chantale Luxama, in one or more of the following respects:

a.      She made a restricted left turn in violation of C.G.S. Sec. 14-242;

b.      she stopped his motor vehicle suddenly without warning on the travel portion of the roadway;

c.     she failed to exercise the care of a reasonably prudent person under like circumstances and conditions;

d.     she exercised no precaution to warn the following traffic by signaling or otherwise that his/her motor vehicle was slowing down and stopping on the travel portion of the highway;

e.     operated her vehicle in such a way as to endanger other persons lawfully using said highway;

4.     Connecticut General Statutes Sec. 52-572h(c) provides for an allocation of fault among parties and the apportioning of any award of damages consistent with their degree of fault.

5.     Some or all of the injuries and damages allegedly sustained by the Plaintiff, MELISSA SYMEON, may have been proximately caused by the carelessness and negligence of the Apportionment Defendant, Chantale Luxama. In the event that the Plaintiff prevails in claim against the undersigned Defendant, said Defendant may be held liable for no more than proportionate share of the damages calculated by Connecticut General Statute Sec. 52-572h(c) and 52-102b.

WHEREFORE, the Apportionment, Plaintiff, PHILIP L. LAWRENCE, seeks an apportionment of liability to the Apportionment Defendant, Chantale Luxama, within his general authority to do so.

The Defendant,
PHILIP L. LAWRENCE

By: _____
Michele Olsen, Esq.
Aldrich, Hanks & Sheehan
538 Preston Avenue, Suite 305
Meriden, CT  06450
Tel: (203) 427-2160
Juris No.:  419471

RET. DATE: OCTOBER 18, 2016      :      SUPERIOR COURT

MELISSA J. SYMEON      :      JUDICIAL DISTRICT OF
                                                         STAMFORD/NORWALK

VS.      :      AT STAMFORD

TIM HARRINGTON, ET ALS      :      SEPTEMBER 15, 2016

## COMPLAINT

**FIRST COUNT :** **(As to the Defendant, Tim Harrington)**

1. The plaintiff, Melissa J. Symeon, is a resident of the City of Stamford, County of Fairfield and State of Connecticut.

2. The defendant, Tim Harrington, is a resident of the City of Stamford, County of Fairfield and State of Connecticut.

3. The defendant, Jodi Fournier, is a resident of the City of Stamford, County of Fairfield and State of Connecticut.

4. The defendant, Lawrence Philip, is a resident of the City of Stamford, County of Fairfield and State of Connecticut.

5. On December 11, 2015, and at all times relevant hereto, the defendant, Jodi Fournier, was the owner of a 2015 Subaru Forester operated by the defendant, Tim Harrington.

SILJAN & ALCO., P.C.
ATTORNEYS AT LAW
...HUNTERSON STREET
STAMFORD, CT.
0635-9... 
(203)-4-12513

TEL. (203) 60..90..
FAX (203) 49...773

1

6. On or about December 11, 2015, and prior thereto, Washington Boulevard was a public roadway running in a northerly and southerly direction in the City of Stamford, County of Fairfield and State of Connecticut.

7. On December 11, 2015, and at all times relevant hereto, Hoyt Street, was a public roadway running generally in a easterly and westerly direction intersecting with Washington Boulevard in the City of Stamford, County of Fairfield and State of Connecticut.

8. On or about the aforementioned date, at or about 1:00 p.m., the plaintiff, Melissa J. Symeon, was the operator of a 2016 Volvo automobile, which vehicle she had been operating in a northerly direction on Washington Boulevard, approaching the intersection of Hoyt Street in the City of Stamford, County of Fairfield and State of Connecticut.

9. On or about the aforementioned date and time, the defendant, Tim Harrington, so steered, operated and controlled the course of the movement of his vehicle so as to collide with the vehicle being operated by the defendant, Lawrence Philip, which collision

2

propelled that vehicle into the vehicle being operated by the plaintiff, Melissa J. Symeon, which was at a stop due to traffic conditions.

10. At said time and place, the defendant, Tim Harrington, was an agent, servant, owner, permissive user and/or employee of the defendant, Jodi Fournier, and the defendant, Tim Harrington, was acting within the scope of his employment and/or his authority.

11. The violent collision described above, and the resulting injuries and damages suffered by the plaintiff, Melissa J. Symeon, were caused by the negligence of the defendant, Tim Harrington, in one or more of the following ways:

a) In that the defendant, Tim Harrington, so steered and operated his motor vehicle at an unreasonable rate of speed, having due regard for the traffic, weather and use of said roadway;

b) In that the defendant, Tim Harrington, did not have and maintain his motor vehicle under reasonable control and proper control;

ASHLAW & KELLY, EC
ATTORNEYS AT LAW
A LAW LEGAL STREET
SUITE #, CT
06-04793
0336 #10797

TEL. 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
FAX 308 956 0013

3

c) In that the defendant, Tim Harrington, failed to keep a reasonable and proper lookout for other motor vehicles on said highway;

d) In that the defendant, Tim Harrington, failed to apply his brakes in time to avoid a collision, although by a reasonable and proper exercise of his faculties, he could and should have done so;

e) In that the defendant, Tim Harrington, operated his motor vehicle in such a manner so as to endanger the life and limb of the plaintiff, Melissa J. Symeon;

f) In that having observed, or having been under a duty to observe the motor vehicle which the plaintiff, Melissa J. Symeon, was operating, the defendant, Tim Harrington, failed to avoid the collision;

g) In that the defendant, Tim Harrington, violated §14-240 of the Motor Vehicle Laws of the State of Connecticut and was following another motor vehicle more closely than was reasonable;

SHEILAN & SCOTT, P.C.
ATTORNEYS AT LAW
SOUTHBURY, CONN.
SUITE 1
06409-0770
JURIS # 43976

TEL: (203) 758-6000
FAX: (203) 305-0143

4

h) In that the defendant, Tim Harrington, violated §14-218(a) of the Motor Vehicle Laws of the State of Connecticut in that he operated his motor vehicle at a speed greater than was reasonable and prudent;

i) In that the defendant, Tim Harrington, violated §14-80 of the Motor Vehicle Laws of the State of Connecticut by operating said vehicle with defective or inadequate brakes.

12. As a direct and proximate result of said collision, the plaintiff, Melissa J. Symeon, was caused to be thrown in and about the interior of the motor vehicle she was operating, causing her to suffer and sustain the following injuries, some or all of which may be permanent in nature:

a) Concussion;

b) Post-concussion syndrome;

c) Head injury;

d) Injury to the cervical spine;

e) Headaches;

f) Vertigo;

SHIPMAN & GOODIN, P.C.
ATTORNEYS AT LAW
ONE CONSTITUTION PLAZA
HARTFORD, CT
06103-1919
JURIS NO. 1919

TEL: (860) 251-5000
FAX: (860) 251-5099

5

g) Injury to the spinal column;

h) Severe shock to her nervous system;

i) Psychological distress;

j) Mental and physical pain and suffering.

13. As a result of the occurrence and the negligence, carelessness and heedlessness of the defendant, Tim Harrington, the plaintiff, Melissa J. Symeon, was forced to expend large sums of money for hospital and medical care, medicines and physical therapy, all necessary to her recovery.

14. As a further result of the occurrence and the negligence, carelessness and heedlessness of the defendant, Tim Harrington, the plaintiff, Melissa J. Symeon, may in the future incur expenses for medical care and attention, hospitalization, physical therapy, medicines, x-rays, etc., all to her loss or damage.

15. As a still further result of the occurrence and the negligence, carelessness and heedlessness of the defendant, Tim Harrington, the plaintiff's, Melissa J. Symeon, earning capacity has been and may in the future be impaired, all to her loss or damage.

6

16. As a result of said collision, the plaintiff, Melissa J. Symeon, has been and, in the future, may be prevented from fulfilling her lifestyles and pleasures.

17. As a still further result of the occurrence and the negligence, carelessness and heedlessness of the defendant, Tim Harrington, the plaintiff, Melissa J. Symeon, has incurred and will continue to incur, expenses for work done in and around her home, the type of which she was able to perform, and did perform, before the violent collision described above.

**SECOND COUNT:** (As to the Defendant, Lawrence Philip)

1-10. The plaintiff, Melissa J. Symeon, hereby makes the allegations contained within Paragraphs 1 through 10 of the First Count, the allegations of corresponding Paragraphs 1 through 10 of the Second Count, as if fully set forth herein.

11. On or about the aforementioned date and time, the defendant, Lawrence Philip, so steered, operated and controlled the movement of the vehicle he was operating, so as to come into collision with the motor vehicle operated by the plaintiff, Melissa J. Symeon,

SHEPARD & MALOY, P.C.
ATTORNEYS AT LAW
MAIN & KETCHUM STREET
SUFFIELD, CT
06093-3215
(CODE # 1332)

TEL (203) 397-8375
FAX (203) 397-4013

7

causing the plaintiff, Melissa J. Symeon, the damages and injuries hereinafter more specifically set forth.

12.  The damages and injuries hereinafter more specifically set forth were caused as a direct and proximate result of the negligence, carelessness and heedlessness of the defendant, Lawrence Philip, in one or more of the following ways:

a) In that the defendant, Lawrence Philip, operated his motor vehicle at an unreasonable rate of speed, having due regard for the traffic, weather and use of said roadway;

b) In that the defendant, Lawrence Philip, did not have and maintain his motor vehicle under reasonable control and proper control;

c) In that the defendant, Lawrence Philip, failed to keep a reasonable and proper lookout for other motor vehicles on said highway;

d) In that the defendant, Lawrence Philip, failed to apply his brakes in time to avoid a collision, although by a reasonable and proper exercise of his faculties, he could and should

8

have done so;

e) In that the defendant, Lawrence Philip, operated his motor vehicle in such a manner so as to endanger the life and limb of the plaintiff, Melissa J. Symeon;

f) In that having observed, or having been under a duty to observe the motor vehicle which the plaintiff, Melissa J. Symeon, was operating, the defendant, Lawrence Philip, failed to avoid the collision;

g) In that the defendant, Lawrence Philip, violated §14-240 of the Motor Vehicle Laws of the State of Connecticut and was following another motor vehicle more closely than was reasonable;

h) In that the defendant, Lawrence Philip, violated §14-218(a) of the Motor Vehicle Laws of the State of Connecticut in that he operated his motor vehicle at a speed greater than was reasonable and prudent;

i) In that the defendant, Lawrence Philip, violated §14-80 of the Motor Vehicle Laws of the State of Connecticut by operating

said vehicle with defective or inadequate brakes.

13. As a direct and proximate result of said collision, the plaintiff, Melissa J. Symeon, was caused to be thrown in and about the interior of the motor vehicle she was operating, causing her to suffer and sustain the following injuries, some or all of which may be permanent in nature:

a) Concussion;

b) Post-concussion syndrome;

c) Head injury;

d) Injury to the cervical spine;

e) Headaches;

f) Vertigo;

g) Injury to the spinal column;

h) Severe shock to her nervous system;

i) Psychological distress;

j) Mental and physical pain and suffering.

14. As a result of the occurrence and the negligence, carelessness and heedlessness of the defendant, Lawrence Philip, the

10

plaintiff, Melissa J. Symeon, was forced to expend large sums of money for hospital and medical care, medicines and physical therapy, all necessary to her recovery.

15. As a further result of the occurrence and the negligence, carelessness and heedlessness of the defendant, Lawrence Philip, the plaintiff, Melissa J. Symeon, may in the future incur expenses for medical care and attention, hospitalization, physical therapy, medicines, x-rays, etc., all to her loss or damage.

16. As a still further result of the occurrence and the negligence, carelessness and heedlessness of the defendant, Lawrence Philip, the plaintiff's, Melissa J. Symeon, earning capacity has been and may in the future be impaired, all to her loss or damage.

17. As a result of said collision, the plaintiff, Melissa J. Symeon, has been and, in the future, may be prevented from fulfilling her lifestyles and pleasures.

18. As a still further result of the occurrence and the negligence, carelessness and heedlessness of the defendant, Lawrence Philip, the plaintiff, Melissa J. Symeon, has incurred and will

11

continue to incur, expenses for work done in and around her home, the type of which she was able to perform, and did perform, before the violent collision described above.

THE PLAINTIFF

By

Robert G. Fashjian
FASHJIAN & FALCO, P.C.
66 Huntington Street
Shelton, CT 06484-5212
(203) 926-6000
Juris No. 415582

RET. DATE: OCTOBER 18, 2016 : SUPERIOR COURT

MELISSA J. SYMEON : JUDICIAL DISTRICT OF
STAMFORD/NORWALK

VS. : AT STAMFORD

TIM HARRINGTON, ET ALS : SEPTEMBER 15, 2016

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff claims:

a. Money damages;

b. Such other equitable or legal relief which the court deems
necessary or proper.

THE PLAINTIFF

By
Robert G. Fashjian
FASHJIAN & FALCO, P.C.
66 Huntington Street
Shelton, CT 06484-5212
(203) 926-6000
Juris No. 415582

13

RET. DATE: OCTOBER 18, 2016     :     SUPERIOR COURT

MELISSA J. SYMEON               :     JUDICIAL DISTRICT OF
                                      STAMFORD/NORWALK

VS.                             :     AT STAMFORD

TIM HARRINGTON, ET ALS          :     SEPTEMBER 15, 2016

## STATEMENT OF AMOUNT OF DEMAND

The amount, legal interest or property in demand is greater

than FIFTEEN THOUSAND AND 00/100 ($15,000.00) DOLLARS.

THE PLAINTIFF

By _____
Robert G. Pashjian
PASHJIAN & PALCO, P.C.
66 Huntington Street
Shelton, CT 06484-5212
(203) 926-6000
Juris No. 415582

5150/Symeon

PASHJIAN & PALCO, P.C.
ATTORNEYS AT LAW
66 HUNTINGTON STREET
SHELTON, CT
06484-5212
JURIS NO. 415582

TEL: (203) 926-6000
FAX: (203) 924-6005

14

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, on December 30, 2016 to:

Robert G. Fashjian, Esq.
Fashjian & Falco, P.C.
66 Huntington Street
Shelton, CT  06484

Philip T. Newbury, Jr., Esq.
Howd & Ludorf, LLC
65 Weathersfield Avenue
Hartford, CT  06114

_____
Michele Olsen, Esq.

STATE OF CONNECTICUT )
                      )  SS:  STAMFORD  **DECEMBER 27, 20165**
COUNTY OF FAIRFIELD   )

THEN AND THERE, BY VIRTUE HEREOF, I MADE SERVICE OF THE WITHIN AND FOREGOING ORIGINAL APPORTIONMENT WRIT, SUMMONS, APPORTIONMENT COMPLAINT, CERTIFICATION AND EXHIBIT A BY LEAVING A TRUE AND ATTESTED COPY OF THE ORIGINAL APPORTIONMENT WRIT, SUMMONS, APPORTIONMENT COMPLAINT, CERTIFICATION AND EXHIBIT A AT THE USUAL PLACE OF ABODE OF:

**CHANTALE LUXAMA**
**16 SEVERENCE DRIVE**
**STAMFORD, CT 06902**

THE WITHIN AND FOREGOING IS THE ORIGINAL APPORTIONMENT WRIT, SUMMONS, APPORTIONMENT COMPLAINT, CERTIFICATION AND EXHIBIT A WITH MY DOINGS HEREON ENDORSED.

| SERVICE FEES: | | | ATTEST: |
|---|---|---|---|
| Service | $ | 40.00 | |
| Add'l Service | | | |
| Travel | | 10.40 | |
| Pages | | 19.00 | |
| Endorsements | | 1.60 | |
| Sec. of St. | | | **JOHN CORELLI** |
| Postage | | | **STATE MARSHAL** |
| | | | **FAIRFIELD COUNTY** |
| TOTAL | $ | **71.00** | |